THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| TOMOAKI YAMAMOTO, | Case No. 2:12CV00253 DS |
| Plaintiff, | |
| vs. | MEMORANDUM DECISION AND ORDER |
| SALT LAKE FILM SOCIETY, SUNDANCE FILM INSTITUTE, | |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a claim pursuant to Title VII of the Civil Rights Act of 1964 for discrimination in employment and for retaliation.[1] Named as defendants are the Salt Lake Film Society and the Sundance Film Institute.

Plaintiff's Complaint contains numerous, and what on their face appear to be fanciful, allegations not material to his asserted claims. In brief, Plaintiff in conclusory fashion alleges that in 1998, he was employed by the Tower Theater, which a year later became the Salt Lake Film Society, and that in 2009, his employment was terminated because he is Japanese. He also claims,

---

[1] Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin". 42 U.S.C. § 2000e-2(a)(1).

without alleging any specific facts, that he subsequently applied for positions with other employers around the area but was not hired and that this was a result of Defendants continued discrimination and retaliation against him. Plaintiff alleges that he didn't learn "that Defendants had terminated Plaintiff's employment and subjected Plaintiff to various types of harassment because of Plaintiff's national origin" until January 18, 2010. Compl. ¶22. Plaintiff complains of no specific alleged unlawful acts subsequent to January 18, 2010. He did not file his EEOC charge until August 18, 2011.

Exhaustion of administrative remedies is required before instituting a federal action under Title VII. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309-10 (10th Cir. 2005). "An employee wishing to challenge an employment practice under Title VII must first 'file' a 'charge' of discrimination with the EEOC." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007)(citations omitted). Because Title VII seeks to avoid 'the pressing of stale claims,' it requires aggrieved persons to file any such charge within certain specified periods after the allegedly unlawful conduct occurred." *Id*. (citations omitted). "If the employee does not submit a timely EEOC charge, he or she may not proceed to court. ... While the applicable deadline for filing a charge with the EEOC depends on a variety of

circumstances, the latest possible filing date is 300 days after the last allegedly unlawful act." Id. (citation omitted).

Because Plaintiff waited well over 300 days from the time he allegedly learned of the purported unlawful employment practice to file his EEOC charge, his EEOC charge was untimely.

Because Plaintiff is proceeding in *forma pauperis*, the Court is directed to dismiss such a case at any time if the Court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(ii).

Accordingly, because Plaintiff did not timely exhaust his administrative remedies, which is a condition precedent to suit, his case is procedurally barred and must be dismissed.

IT IS SO ORDERED.

DATED this 19th day of April, 2012.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT